**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4706**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

      versus

LUIS FERNANDO MONTOYA-CARMONA,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (CR-05-8)

---

Submitted:  November 17, 2006        Decided:  January 4, 2007

---

Before WIDENER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Kurt J. Mayer, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Fernando Montoya-Carmona ("Defendant") was convicted of various drug-related offenses. At sentencing, the district court assessed a two-level obstruction-of-justice enhancement for perjury pursuant to United States Sentencing Guidelines ("Guidelines") § 3C1.1, sentencing Defendant to eighty-four months' imprisonment. On appeal, Defendant challenges the perjury enhancement. Because the district court made the independent findings of fact necessary to sustain the enhancement, we affirm.

I.

The critical facts underlying Defendant's conviction are undisputed. Defendant's niece received a package containing a bicycle from Defendant's son in Colombia. The bicycle had heroin hidden in its frame and previously had been intercepted by law enforcement agents at customs. When confronted by agents, Defendant's niece agreed to cooperate and contacted Defendant to collect the package according to their pre-arranged plan. After Defendant arrived at his niece's house, the package was opened and Defendant was arrested.

Once in custody, Defendant admitted that he had received a similar bicycle shipment from his son several months earlier. He had been contacted after receipt of the first package by an unknown person and arranged to exchange the bicycle for $400. Defendant

2

stated that he assumed he would be asked to perform a similar "favor" for his son in connection with the second bicycle. J.A. 399. He insisted that he did not know that there were drugs hidden in the second bicycle.

At Defendant's trial for various drug charges, he testified that he did not know that the bicycle contained drugs and that he harbored no suspicions that his son might be conducting criminal activity. The district court offered a willful blindness instruction to the jury, which in turn returned a guilty verdict on all counts. At the subsequent sentencing hearing, the district court found that Defendant had perjured himself by denying knowledge of the presence of drugs in the bicycle. The court calculated Defendant's Guidelines range by applying, over Defendant's objection, a § 3C1.1 enhancement for obstruction of justice based on his perjured testimony at trial. The district court then imposed a sentence of eighty-four months' imprisonment, within the Guidelines range of seventy-eight to ninety-seven months. Defendant now appeals the application of the § 3C1.1 enhancement to his sentence.

## II.

The factual findings of the district court supporting the § 3C1.1 enhancement are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). Legal issues regarding

3

proper application of the enhancement, however, are reviewed de novo. United States v. Williams, 152 F.3d 294, 302 (4th Cir. 1998).

Section 3C1.1 of the Guidelines requires a sentencing court to impose a two-level enhancement to a defendant's offense level if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and
> (B) the obstructive conduct related to (I) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense[.]

U.S.S.G. § 3C1.1 (2005).[1] The adjustment applies, for instance, when a defendant "commit[s] . . . perjury." U.S.S.G. § 3C1.1, cmt. n.4(b); see also United States v. Dunnigan, 507 U.S. 87, 94 (1993). A defendant commits perjury when he "[1] gives false testimony [2] concerning a material matter [3] with the willful intent to provide false testimony." Dunnigan, 507 U.S. at 94. The government carries the burden of persuading the court by a preponderance of the evidence that the enhancement should apply in a particular case. United States v. Smith, 62 F.3d 641, 646-47 (4th Cir. 1995).

The enhancement does not apply merely because a defendant is convicted, however. For example, a defendant may testify truthfully but "the jury may nonetheless find the testimony

---

[1]Section 3C1.1 was amended on November 1, 2006. See U.S.S.G. app. C, amendment 693. We cite to the Guidelines, however, that were "in effect on the date that the defendant [was] sentenced." See U.S.S.G. § 1B1.11.

insufficient to excuse criminal liability or prove lack of intent." Dunnigan, 507 U.S. at 95. The district court should "preferabl[y] address each element of the alleged perjury in a separate and clear finding" but must at least "make[] a finding of an obstruction of . . . justice that encompasses all of the factual predicates for a finding of perjury." Id. These findings must be express and independent of the jury's verdict. Smith, 62 F.3d at 647 n.3. That is, the district court must "itself be convinced" that the defendant perjured himself, regardless of whether the jury returned a conviction. Id.

## III.

Defendant's primary contention is that the district court impermissibly relied on the jury verdict to support its finding of perjury, in contravention of Dunnigan and Smith. This argument misreads the district court's explanation at the sentencing hearing.

The district court repeated the central holding of Dunnigan, stating that "an obstruction enhancement does not apply automatically every time a defendant who testifies is convicted." J.A. 548. The court then found that "[i]n testifying as to his complete lack of knowledge that the bicycle contained drugs and that he had no suspicions of his son's criminal activity, the Court may find that the defendant willfully gave false testimony

5

concerning a material matter." J.A. 551. Although it might have been preferable to have the benefit of further elaboration on this explanation, we nevertheless conclude that the district court "itself [was] convinced" that the defendant perjured himself, independent of the jury verdict. See Smith, 62 F.3d at 647 n.3.

Nevertheless, Defendant highlights other statements made by the district court as evidence of its alleged improper reliance on the jury verdict. For example, the district court found at sentencing that Defendant's "testimony is at odds with the finding by the jury . . . that the defendant was guilty." J.A. 551. Even if such statements would violate Smith standing alone, however, the district court concluded by making its own independent finding of perjury. See 62 F.3d at 647 n.3. Viewed as a whole, the district court's explanation of its finding of perjury is sufficient to support the obstruction-of-justice enhancement.[2]

---

[2]Defendant also argues that the district court failed to make an adequate factual finding of perjury. It is sufficient, however, for the district court to "make a single global finding that encompasse[s] the three essential elements" of perjury. See Smith, 62 F.3d at 647. Here, the district court "f[ou]nd that the defendant willfully gave false testimony concerning a material matter [and] . . . that the government has met its burden by a preponderance of the evidence." J.A. 551. This finding easily qualifies as a "single global finding that encompasse[s] the three essential elements" of perjury and does not constitute clear error. See Smith, 62 F.3d at 647.

IV.

We have considered Defendant's other arguments and find them to be without merit.  Accordingly, we affirm the sentence imposed by the district court.

<u>AFFIRMED</u>